David B. Chenkin
Jantra Van Roy
Robert Guttmann
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
*Attorneys for Interpleader Plaintiff*
 *LaSalle Bank National Association*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASALLE BANK NATIONAL ASSOCIATION,<br><br>Interpleader Plaintiff,<br><br>- against -<br><br>UBS AG, London Branch and<br>MERRILL LYNCH INTERNATIONAL,<br><br>Interpleader Defendants. | Case No. 08_____ ( )<br><br>**COMPLAINT** |

LaSalle Bank National Association ("LaSalle" or the "Interpleader Plaintiff"), by its attorneys, Zeichner Ellman & Krause LLP, as and for its Interpleader Complaint, alleges:

### INTRODUCTION

1. This is an interpleader action brought in accordance with Rule 22 of the Federal Rules of Civil Procedure for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to their claims of entitlement to benefits arising with respect to collateral held by the Interpleader Plaintiff. Interpleader

Plaintiff, which serves as indenture trustee, faces competing claims by the Interpleader Defendants to one or more rights or benefits with respect to the collateral and cannot determine, without hazard to itself, how to proceed.

## PARTIES

2. Interpleader Plaintiff LaSalle, in its capacity as indenture trustee under the Indentures (as defined below), is a national banking association with its main office in Illinois.

3. Interpleader Defendant Merrill Lynch International ("MLI") is, upon information and belief, a company organized under the laws of England and Wales with its principal place of business in London, England.

4. Interpleader Defendant UBS AG, London Branch ("UBS") is, upon information and belief, a bank organized under the laws of Switzerland, with its principal place of business in London, England.

5. Interpleader Defendants UBS and MLI (together, the "Noteholders" or the "Interpleader Defendants") hold outstanding Notes that are the subject of the Indentures, as defined below. Interpleader Defendant UBS also serves as the counterparty under the credit default swap transactions included in the collateral under each of the Indentures.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest or costs, Interpleader Plaintiff is a citizen of a State and Interpleader Defendants are citizens or subjects of a foreign state.

7. Venue is proper in this district pursuant to 28 U.S.C. §§1391(a), (c) and (d).

## BACKGROUND

8. Interpleader Plaintiff LaSalle acts as indenture trustee under three individual indenture agreements:

    (a) Indenture, dated March 20, 2007, with Hartshorne CDO I Ltd. as issuer, Hartshorne CDO I LLC, as co-issuer, and LaSalle as trustee, (the "Hartshorne Indenture");

    (b) Indenture, dated May 24, 2007, with Lancer Funding II, Ltd. as issuer, Lancer Funding II, LLC as co-issuer, and LaSalle as trustee (the "Lancer Indenture") and;

    (c) Indenture, dated June 28, 2007, with ACA ABS 2007-2 Limited as issuer, ACA ABS 2007-2, LLC as co-issuer, and LaSalle as trustee (the "ACA Indenture" and collectively with the Lancer and Hartshorne Indentures, the "Indentures").

9. Pursuant to the Indentures, certain collateralized debt obligations (the "Notes") were issued and are secured by Collateral as set forth in the granting clauses of the Indentures.

10. Pursuant to the Indentures, LaSalle holds certain collateral that is the subject of the instant dispute (the "Collateral"). The Collateral consists generally of asset-backed securities, credit default swap transactions and funds in various accounts referred to in the Indentures and investments, if any, acquired with funds from such accounts.

11. On January 9 and 10, 2008 UBS, holder of the Controlling Class Notes within the meaning of the Indentures, notified LaSalle that pursuant to Sections 5.2(a) and 5.5(a)(ii) of the Indentures, as a result of an event of default as defined in the Indentures, LaSalle was instructed to accelerate the Notes and liquidate the Collateral (such direction to liquidate, the "UBS Instructions").

12. MLI, holder of the Class X Notes under each Indenture, however, objected to the UBS Instructions. MLI also pointed to Section 5.5(a)(ii) of the Indentures, and asserted that, because UBS's acceleration of the Notes resulted in a payment default as to the Class X Notes held by MLI, MLI's consent was required for any liquidation of the Collateral, and that MLI did not so consent. MLI therefore instructed LaSalle *not* to liquidate the Collateral (the "MLI Instructions").

13. The UBS Instructions and the MLI Instructions are mutually inconsistent. LaSalle obviously cannot comply with both.

14. LaSalle has repeatedly requested that MLI and UBS resolve their differences between themselves, either by agreement or through a court action, but these requests have been unsuccessful.

15. Instead, LaSalle continues to find itself in the middle of a dispute between UBS and MLI. Each continues to assert aggressively that its interpretation of the Indentures is correct; that LaSalle's failure or refusal to comply with its Instructions may constitute a breach of LaSalle's obligations under the Indentures; and that it has or will suffer substantial damage if LaSalle does not follow its Instructions. Both UBS and MLI have retained special litigation counsel who have threatened to seek damages from LaSalle if their clients' inconsistent Instructions are not followed.

16. LaSalle for its part is unable to conclude which party's interpretation of the Indenture language is correct without hazard to itself.

17. In these circumstances LaSalle has no choice but to seek this Court's protection and direction as to how to proceed.

18. In addition to their disputes over whether liquidations of the Collateral may occur, UBS and MLI also dispute how certain proceeds received from such a liquidation, along with certain other proceeds held as part of the Collateral, should be applied. UBS asserts that under the Indentures such proceeds are to be used to make termination payments owed to UBS under the credit default swap transactions related to each Indenture ("UBS Termination Payments"), prior to using other sources of funds available to pay such amounts.

19. MLI asserts that, under the Indentures, if liquidations of the Collateral occur over MLI's objections, such proceeds may not be used to pay amounts owed to UBS under the credit default swap transactions (including the UBS Termination Payments) because the Indentures designate such proceeds to be used in making other required payments, including payments on the Notes.

20. Interpleader Plaintiff LaSalle therefore faces inconsistent claims resulting from UBS and MLI's conflicting instructions and interpretations of Indenture provisions, and cannot determine, without hazard to itself, how it should proceed with respect to the Collateral it holds.

21. Interpleader Plaintiff LaSalle is ready and willing to liquidate or retain intact the Collateral (and, if liquidated, pay the proceeds thereof), in each case as the Court shall direct.

22. This action is not brought by collusion with either of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE**, Interpleader Plaintiff LaSalle demands judgment:

1. That Interpleader Defendants and each of them be restrained by injunction from commencing or prosecuting any action or proceeding against Interpleader Plaintiff in relation to the Collateral.

2. That Interpleader Defendants be required to interplead together concerning their respective claims to the Collateral.

3. That Interpleader Plaintiff's costs and disbursements, including legal fees and expenses, be paid out of the Collateral.

4. That Interpleader Plaintiff have such other and further relief as the court may deem just, proper and equitable, including reasonable attorneys' fees.

Dated: New York, New York
       April 17, 2008

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
David B. Chenkin
Jantra Van Roy
Robert Guttmann
*Attorneys for Interpleader Plaintiff*
*LaSalle Bank National Association*
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

522601.v9/1593-999/RXG